[S.F. No. 23097. In Bank. June 26, 1974.]

TERRY SCOTT, Petitioner, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO JUDICIAL
DISTRICT OF THE CITY AND COUNTY OF SAN FRANCISCO,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Terence Kayo Hallinan for Petitioner.

No appearance for Respondent and for Real Party in Interest.

## OPINION

**MOSK, J.**—A complaint was filed charging defendant Scott with misdemeanor possession of marijuana. (Health & Saf. Code, § 11357.) Defendant moved for an order diverting him into a pretrial program of treatment and rehabilitation (Pen. Code, §§ 1000-1000.4), supported by an affidavit of compliance with the statutory standards of eligibility.[1] Defendant's case was referred to the probation department (Pen. Code, § 1000.1), which conducted an investigation and recommended diversion into the department's drug abuse program. When the matter came on for hearing, however, the district attorney refused to consent to diversion. (Pen. Code, § 1000.2.) The trial court expressly found "from the evidence presented to me at this hearing that the defendant should in fact be diverted," and ruled that "I will deny the diversion for the sole reason that the district attorney objects."

Seeking relief by writ of mandate, defendant contends the provision of Penal Code section 1000.2 requiring the consent of the prosecutor before a trial court may order diversion violates the constitutional doctrine of the separation of powers. (Cal. Const., art. III, § 3.) We so held in *People v. Superior Court (On Tai Ho)* (1974) *ante,* page 59 [113 Cal.Rptr. 21, 520 P.2d 405]. For the reasons there stated, defendant is entitled to be diverted to a program of drug abuse rehabilitation.

Let a peremptory writ of mandate issue as prayed.

Wright, C. J., McComb, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

---

[1]Thus defendant averred he had never been convicted of any offense involving narcotics or dangerous drugs, and had no record of probation or parole violations; the offense charged did not involve actual or threatened violence; and there was no evidence of his commission of a narcotics offense other than those listed in the statute. (Pen. Code, § 1000, subd. (a).)